UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

BACHRACH ACQUISITION, LLC,

Debtor.

Chapter 11

Case No. 09-12918 (SMB)

APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF BACHRACH ACQUISITION, LLC
TO RETAIN AND EMPLOY KELLEY DRYE & WARREN LLP
AS GENERAL BANKRUPTCY COUNSEL, NUNC PRO TUNC TO MAY 27, 2009

TO: THE HONORABLE STUART M. BERNSTEIN
CHIEF UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "Committee") of Bachrach Acquisition, LLC (the "Debtor") respectfully submits this application (the "Application"), pursuant to sections 1103(a) and 328(a) of the (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2014-1, for an order authorizing the Committee to retain and employ Kelley Drye & Warren LLP ("Kelley Drye") as general bankruptcy counsel in the Debtor's chapter 11 case, *nunc pro tunc* to May 27, 2009. In support of its Application, the Committee respectfully represents as follows:

## BACKGROUND

1. On May 6, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the title 11 of the United States Bankruptcy Code.

2. Since the Petition Date, the Debtor has continued in possession of its property and has continued to operate and manage its business as a debtor in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code.

## THE COMMITTEE'S FORMATION

4. On May 22, 2009, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed General Growth Properties, Inc., M&H International Inc., Race Monsieur, Inc., Vestige Design International, Inc., and William Gilbey Inc. to the Committee.

5. On May 27, 2009, the Committee selected Kelley Drye to serve as counsel to the Committee.

## KELLEY DRYE'S RETENTION

6. The Committee respectfully submits that it is necessary and appropriate for the Committee to employ and retain Kelley Drye to provide, among other things, the following services:

    (a)    advise the Committee with respect to its rights, duties and powers in this chapter 11 case;

    (b)    assist and advise the Committee in its consultations with the Debtor in connection with the administration of this chapter 11 case;

    (c)    assist the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure, and negotiating with lenders, holders of claims and equity interests;

    (d)    assist the Committee with its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and the operation of the Debtor's business;

(e) assist the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, the reconciliation of claims, the assumption or rejection of certain leases of nonresidential real property and executory contracts, asset dispositions, financing issues, and the terms of a plan of reorganization and accompanying disclosure statement and related documents;

(f) assist and advise the Committee regarding its communications to the general creditor body about significant matters in this chapter 11 case;

(g) represent the Committee at all hearings and other proceedings;

(h) review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety;

(i) assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(j) prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, objections, and responses to any of the foregoing;

(k) provide information to creditors in accordance with section 1102(b)(3) of the Bankruptcy Code, subject to confidentiality agreements and orders of the Court; and

(l) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

7. The Committee believes that Kelley Drye possesses extensive knowledge and expertise in the areas of law relevant to this chapter 11 case, and that Kelley Drye is well qualified to represent the Committee in this chapter 11 case. In selecting counsel, the Committee sought attorneys with considerable experience representing the interests of unsecured creditors in chapter 11 reorganization cases and other debt restructurings. Kelley Drye has represented creditors, official creditors' committees, ad hoc committees, and/or members of unsecured creditors' committees in numerous chapter 11 cases. Kelley Drye also has a broad based

practice, and expertise in bankruptcy and restructuring, corporate and commercial law, litigation, real estate and tax law, as well as other areas that may be significant in this chapter 11 case.

8. Kelley Drye is willing to be retained by the Committee as its counsel and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Bankruptcy Court for the Southern District of New York, any orders of this Court, and the guidelines set forth by the Office of the United States Trustee. Kelley Drye will bill at its standard hourly rates of $460–$875 for partners, $505–$820 for of counsel, $420–$710 for special counsel, $295–$535 for associates, and $160–$300 for paraprofessionals. The current hourly rates for the Kelley Drye professionals with primary responsibility for this matter are:

   a. Eric R. Wilson (Partner), $565/hour;
   b. Robert L. LeHane (Special Counsel), $480/hour;
   c. Gilbert R. Saydah. Jr. (Associate), $440/hour;
   d. Jennifer D. Raviele (Associate), $295/hour; and
   e. Marie Vicinanza (Paralegal), $215/hour.

9. These hourly rates are subject to periodic increase (typically in January) in the normal course of Kelley Drye's business. Other attorneys and paralegals might, from time to time, assist in the representation of the Committee in connection with this case at Kelley Drye's standard hourly rates then in effect for those personnel. The hourly rates set forth above are Kelley Drye's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate Kelley Drye for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Kelley Drye's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, telephone and facsimile charges, photocopying charges, travel expenses, expenses for "working meals" and computerized research, as well as

non-ordinary overhead expenses, such as secretarial overtime. Kelley Drye will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.

10. Upon information and belief, Kelley Drye does not represent and does not hold any interest adverse to the Debtor's estate or their creditors in the matters upon which Kelley Drye is to be engaged, except to the extent set forth in the declaration of James S. Carr, attached hereto as **Exhibit A**. However, Kelley Drye is a large firm with a national and international practice, and may represent or may have represented certain of the Debtor's creditors, equity holders, affiliates or other parties in interest in matters unrelated to this case.

11. Because of the extensive legal services that may be necessary in this chapter 11 case, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Kelley Drye to provide the services described above is appropriate and in the best interests of the Debtor's estate and its creditors.

## **WAIVER OF MEMORANDUM OF LAW**

12. This Application does not raise any novel issues of law and the relevant legal authorities are set forth herein. The Committee requests that the Court waive the separate memorandum of law requirement contained in Local Bankruptcy Rule 9013-1(b).

**[Remainder of Page Intentionally Left Blank]**

## NO PRIOR REQUESTS

14. No prior application for the relief requested herein has been presented to this Court or any other court.

WHEREFORE, the Committee requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, (i) authorizing the Committee to retain and employ Kelley Drye as its counsel *nunc pro tunc* to May 27, 2009; (ii) authorizing payment of such compensation to Kelley Drye as may be allowed by this Court; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: June 25, 2009
      New York, New York

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF BACHRACH ACQUISITION, LLC

General Growth Properties, Inc.

By: _____
Name: Julie Minnick Bowden
Title: Committee Co-Chair

M&H International, Inc.
By: _____
Name: Jiamin Shen
Title: Committee Co-Chair

6

## NO PRIOR REQUESTS

14. No prior application for the relief requested herein has been presented to this Court or any other court.

WHEREFORE, the Committee requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, (i) authorizing the Committee to retain and employ Kelley Drye as its counsel *nunc pro tunc* to May 27, 2009; (ii) authorizing payment of such compensation to Kelley Drye as may be allowed by this Court; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: June 25, 2009
      New York, New York

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF BACHRACH ACQUISITION, LLC

General Growth Properties, Inc.
By: _____
Name: Julie Minnick Bowden
Title: Committee Co-Chair

M&H International Inc.
By: _____
Name: Jiamin Shen
Title: Committee Co-Chair

# EXHIBIT A

KELLEY DRYE & WARREN LLP
Eric R. Wilson (EW-4320)
Robert L. LeHane (RL-9422)
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Proposed Attorneys for the Official Committee
of Unsecured Creditors of Bachrach Acquisition, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BACHRACH ACQUISITION, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-12918 (SMB) |

## DECLARATION OF JAMES S. CARR

I, James S. Carr, hereby state as follows:

1. I am an attorney admitted to practice in the State of New York and in the United States District Court for the Southern District of New York. I am a member of the law firm of Kelley Drye & Warren LLP ("Kelley Drye"), which maintains offices at, among other places, 101 Park Avenue, New York, New York 10178.

2. I am familiar with the matters set forth herein and make this declaration in support of the Application of the Official Committee of Unsecured Creditors (the "Committee") of Bachrach Acquisition, LLC, (the "Debtor") for authorization to retain and employ Kelley Drye as counsel to the Committee, *nunc pro tunc* to May 27, 2009.

3. On May 22, 2009, the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee currently consists of General Growth Properties, Inc.; M&H International Inc., Race Monsieur, Inc., Vestige Design

International, Inc., and William Gilbey Inc. On May 27, 2009, the Committee selected Kelley Drye to serve as counsel to the Committee pursuant to section 1103(a) of the Bankruptcy Code.

## KELLEY DRYE'S DISCLOSURE PROCEDURES

4. To prepare this declaration, Kelley Drye compared the Debtor's bankruptcy petition and list of 20 largest creditors with the information contained in the conflict check systems and adverse party indexes currently maintained by Kelley Drye.

5. The conflict check system and adverse party index maintained by Kelley Drye is designed to include every matter on which the firm is now or has been engaged, sorted by which entity the firm is now or has been engaged, and, in each instance, listing the identity of related parties and adverse parties and the attorneys in the firm who are knowledgeable about the matter. It is the policy of Kelley Drye that a new matter may only be opened within the firm after completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client and related adverse parties. Accordingly, Kelley Drye maintains and systematically updates this system in the regular course of the firm's business, and it is the regular practice of the firm to make and maintain these records.

## KELLEY DRYE'S CONNECTIONS WITH PARTIES IN INTEREST
## IN MATTERS UNRELATED TO THIS CHAPTER 11 CASE

6. Any client connections to this case with regard to which Kelley Drye had represented the client within the past two years were reviewed by an attorney working under my supervision to determine whether Kelley Drye has any interest adverse to the Debtor's estate. It was determined that, in respect to each connection between Kelley Drye and such parties, Kelley Drye does not have an interest adverse to the Debtor's estate.

7. To the best of my knowledge, neither I nor any member of Kelley Drye hold a direct or indirect equity interest in the Debtor or has a right to acquire such an interest, or any claim or debt of the Debtor.

8. No member of Kelley Drye is or has been, within two years from the date of the filing of the Debtor's petition, a director, an officer, or employee of the Debtor.

9. No member of Kelley Drye is in control of the Debtor or is a relative of a general partner, director, officer, or person in control of the Debtor.

10. No member of Kelley Drye nor Kelley Drye itself is a general or limited partner in a partnership or limited liability corporation in which the Debtor is also a general or limited partner.

11. Kelley Drye does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. Thus, based upon information available to me, I believe Kelley Drye is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

12. Kelley Drye does not currently represent the Debtor or any of its affiliates, partners or subsidiaries, and Kelley Drye will not undertake the representation of the Debtor or any related entities during this engagement. Moreover, Kelley Drye will not undertake the representation of any party other than the Committee in connection with the Debtor's chapter 11 case.

13. Kelley Drye currently represents a secured creditor of the Debtor, Wells Fargo, in its capacity as indenture trustee in various bankruptcy cases pending across the United States and in litigations and transactions unrelated to the Debtor's chapter 11 case. None of

Kelley Drye's representations of Wells Fargo or other parties in interest who are involved in this chapter 11 case comprise a material component of Kelley Drye's practice, nor does Kelley Drye currently represent any such parties on any issue relating to this chapter 11 case. In an abundance of caution, Wells Fargo has granted Kelley Drye a wavier to represent the Committee.

14. Kelley Drye currently represents an unsecured creditor of the Debtor, General Growth Properties, Inc. and its affiliates (collectively, "General Growth"), as landlords and creditors in various bankruptcy cases pending across the United States and in litigations and transactions unrelated to the Debtor's chapter 11 case. None of Kelley Drye's representations of General Growth or other parties in interest who are involved in this chapter 11 case comprise a material component of Kelley Drye's practice, nor does Kelley Drye currently represent any such parties on any issue relating to this chapter 11 case.

15. Kelley Drye currently represents an unsecured creditor of the Debtor, Quad Graphics, Inc. ("Quad Graphics"), as a creditor in a bankruptcy case pending in the United States unrelated to the Debtor's chapter 11 case. None of Kelley Drye's representations of Quad Graphics or other parties in interest who are involved in this chapter 11 case comprise a material component of Kelley Drye's practice, nor does Kelley Drye currently represent any such parties on any issue relating to this chapter 11 case.

16. Kelley Drye has represented an unsecured creditor of the Debtor, Simon Property Group or its affiliates ("Simon Property"), in matters unrelated to the Debtor's chapter 11 case that concluded more than three years ago. None of Kelley Drye's representations of Simon Property or other parties in interest who are involved in this chapter 11 case comprise a material component of Kelley Drye's practice, nor does Kelley Drye currently represent any such parties on any issue relating to this chapter 11 case.

17. Kelley Drye has represented an unsecured creditor of the Debtor, CIT Group or its affiliates ("CIT Group"), and entities adverse to CIT Group in matters unrelated to the Debtor's chapter 11 case. Kelley Drye's representation of CIT Group concluded more than six months ago. None of Kelley Drye's representations of CIT Group or other parties in interest who are involved in this chapter 11 case comprise a material component of Kelley Drye's practice, nor does Kelley Drye currently represent any such parties on any issue relating to this chapter 11 case.

18. Kelley Drye has represented entities adverse to an unsecured creditor of the Debtor, CBL Properties or its affiliates ("CBL Properties"), in matters unrelated to the Debtor's chapter 11 case. None of Kelley Drye's representations of CBL Properties or other parties in interest who are involved in this chapter 11 case comprise a material component of Kelley Drye's practice, nor does Kelley Drye currently represent any such parties on any issue relating to this chapter 11 case.

19. In addition, Kelley Drye may have represented, may currently represent, and may, in the future, represent other entities not currently known to Kelley Drye who may be creditors of the Debtor in matters wholly unrelated to the Debtor's chapter 11 case. I understand that there is a continuing duty to disclose any adverse interest and change in disinterestedness. To the extent Kelley Drye discovers any such information or needs to update the information disclosed herein, Kelley Drye will disclose such information to the Court, the Debtor, and the United States Trustee by filing a supplemental declaration on the electronic docket.

20. For the reasons stated herein, Kelley Drye represents no interests adverse to the Debtor's individual creditors or the Committee and, therefore, is capable of fulfilling its fiduciary duty under that standard.

## KELLEY DRYE'S RATES AND BILLING PRACTICES

21. Kelley Drye is willing to be retained by the Committee as its counsel and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Bankruptcy Court for the Southern District of New York, any orders of this Court and the guidelines set forth by the Office of the United States Trustee. Kelley Drye will bill at its standard hourly rates of $460–$875 for partners, $505–$820 for of counsel, $420–$710 for special counsel, $295–$535 for associates, and $160–$300 for paraprofessionals. The current hourly rates for the Kelley Drye professionals with primary responsibility for this matter are:

   a. Eric R. Wilson (Partner), $565/hour;
   b. Robert L. LeHane (Special Counsel), $480/hour;
   c. Gilbert R. Saydah. Jr. (Associate), $440/hour;
   d. Jennifer D. Raviele (Associate), $295/hour; and
   e. Marie Vicinanza (Paralegal), $215/hour

22. These hourly rates are subject to periodic increase (typically in January) in the normal course of Kelley Drye's business. Other attorneys and paralegals might, from time to time, assist in the representation of the Committee in connection with this case at Kelley Drye's standard hourly rates then in effect for those personnel. The hourly rates set forth above are Kelley Drye's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate Kelley Drye for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Kelley Drye's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, telephone and facsimile charges, photocopying charges, travel expenses, expenses for "working meals" and computerized research, as well as non-ordinary overhead expenses, such as secretarial overtime.

23. No agreement exists, nor will any be made, other than Kelley Drye's partnership agreement, to share any compensation received by Kelley Drye for its services with any other person or firm.

24. I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 25, 2009
New York, New York

_____
James S. Carr

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BACHRACH ACQUISITION, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-12918 (SMB) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF BACHRACH ACQUISITION, LLC
TO RETAIN AND EMPLOY KELLEY DRYE & WARREN LLP AS
COUNSEL NUNC PRO TUNC TO MAY 27, 2009**

Upon the Application dated June 25, 2009 of the Official Committee of Unsecured Creditors (the "Committee") of Bachrach Acquisition, LLC, (the "Debtor") for an order, pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, authorizing the Committee to retain and employ the law firm of Kelley Drye & Warren LLP ("Kelley Drye"), *nunc pro tunc* to May 27, 2009, and upon the Declaration of James S. Carr, Esq., a member of the firm of Kelley Drye, dated June 25, 2009 (the "Carr Declaration"); and it appearing that the members, counsel, and associates of Kelley Drye who will be engaged in this chapter 11 case are duly qualified to practice before this Court; and the Court being satisfied, based on the representations made in the Application and the Carr Declaration, that said attorneys represent no interest adverse to the Committee or the Debtor's estate with respect to the matters upon which they are to be engaged, that they are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, that Kelley Drye's employment is necessary and would be in the best interest of the Committee and the Debtor's estate; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is approved; and it is further

ORDERED that, in accordance with sections 1103(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1, the Committee is hereby authorized and empowered to retain and employ the firm of Kelley Drye as its counsel, *nunc pro tunc* to May 27, 2009, to represent the Committee in this case under chapter 11 of the Bankruptcy Code and such retention is hereby approved; and it is further

ORDERED that upon the Application and the Carr Declaration, the Court finds that Kelley Drye does not hold or represent any interest adverse to the estate or represents any other entity having an adverse interest in connection with this chapter 11 case and that Kelley Drye is a disinterested person; and it is further

ORDERED that Kelley Drye shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

Dated: _____, 2009
       New York, New York

**THE HONORABLE STUART M. BERNSTEIN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**NO OBJECTION:**

*Office of the United States Trustee*

By: _____