Klestadt & Winters, LLP
Tracy L. Klestadt
Joseph C. Corneau
292 Madison Avenue, 17th Floor
New York, NY 10017
(212) 972-3000

Wildman, Harrold, Allen & Dixon LLP
Jonathan W. Young
Jeffrey Chang
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 201-2000

Attorneys for Davis Street Land Company of Tennessee LLC

| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **Hearing Date**: September 10, 2009<br>**Hearing Time**: 10:00 a.m. |
|---|---|
| In re:<br><br>BACHRACH ACQUISITION, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 09-12918 (SMB) |

**MOTION OF DAVIS STREET LAND COMPANY OF TENNESSEE LLC TO COMPEL
IMMEDIATE PAYMENT OF POST-PETITION RENT
PURSUANT TO 11 U.S.C. § 365(d)(3)**

Davis Street Land Company of Tennessee LLC ("Davis Street" or "Landlord") hereby this Motion to Compel Immediate Payment of Post-Petition Rent Pursuant to 11 U.S.C. § 365(d)(3) (the "Motion"). In support of this Motion, Landlord respectfully states as follows:

**Introduction**

1.      It is well-settled that a commercial debtor-lessee in bankruptcy is required to remain current on rent arising post-petition pursuant to the terms of its lease. The Debtor in this case has failed to do so. Davis Street has sought, and continues to seek, payment in full of the

post-petition rent due and owing from the Debtor. Although Debtor has made some limited payment of rent, it has not made the requisite payments due under its lease with Davis Street.

2. Davis Street is now seeking immediate payment for the post-petition rent that is rightfully owed under 11 U.S.C. § 365(d)(3) pursuant to its lease with the Debtor and, to the extent that the Debtor is unwilling or unable to make such payments, Davis Street seeks a modification of the automatic stay to allow it to pursue its state court remedies against the Debtor.

## Jurisdiction and Venue

3. This Court has jurisdiction over this Response and the Stay Relief Motion pursuant to 28 U.S.C. § 1334(a) and (b).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O).

## Facts

6. On April 28, 1994, Davis Street and the Debtor's predecessor-in-interest, Bachrach Clothing, Inc., entered into a certain non-residential lease for certain non-residential retail space (the "Premises") at the shopping center known as The Mall at Green Hills (the "Shopping Center") located in Nashville Tennessee (as amended from time to time, the "Lease"). A true and correct copy of the Lease (including amendments) is attached hereto as Exhibit A.

7. Pursuant to the Lease, the Debtor is obligated to pay, *inter alia*: (i) Minimum Rent; (ii) Percentage Rent; and (iii) all other regular monthly charges set forth in the Lease (collectively, the "Rent"). *See generally*, Lease.

8. On or about March 3, 2009, (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

9. Debtor and Landlord have been engaged in some discussions regarding proposed amendments to the Lease, however, to date, the parties have not reached an agreement to the terms of any proposed amendment.

10. Debtor has attempted to make some payment of some Rent, however the Debtor has not made payment of all post-petition Rent due. Davis Street has accepted these payments without prejudice to their further claims of post-petition rent.

## Argument

### I. Davis Street is entitled to immediate payment in full of all post-petition rent pursuant to 11 U.S.C. § 365(d)(3).

11. Section 365(d)(3) states, in pertinent part, that:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

12. This provision creates a unique obligation of debtors to make timely payments of their obligations due to the fact that landlords are essentially forced to provide current use of their properties. *See In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 210 (3d Cir. 2001) (quoting remarks of Senator Orrin Hatch in H.R. Rep. No. 882, 95th Cong. 2d Sess.). "Virtually all courts have agreed that it [Section 365(d)(3)] was intended to alleviate the . . . burdens of landlords by requiring timely compliance with the terms of the lease. *Id.*

3

13. As such, Debtor requests that Debtor be compelled to satisfy its obligations under Section 365(d)(3) immediately. *See e.g., In re Pudgie's Development of NY, Inc.*, 239 B.R. 688, 693 (Bankr. S.D.N.Y. 1999) ("The plain meaning of § 365(d)(3) requires that the landlord obtain payment as lease obligations become due"); *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 973 (Bankr. E.D. Pa. 1987) (concluding that a nonresidential lessor's administrative expense claim arising under section 365(d)(3) should be paid immediately absent a showing of good cause).

14. As of the date of this Motion, the Debtor owes Davis Street, after allowing the Debtor all just setoffs and credits, there is currently $51,403.95 due and owing as and for Rent and other charges as set forth more fully in the attached Exhibit B.

15. Therefore, Davis Street, as lessors of non-residential real property to the Debtor, respectfully requests that this Court enter an order directing the Debtor to make payment of all post-petition amounts as set forth above for the Debtor's continued use and occupancy of the premises in the Shopping Center within five (5) days of the entry of such order.

## II. **In the alternative, the automatic stay should be modified to allow Davis Street to pursue its state law remedies against the Debtor.**

16. Section 362(d) provides, in pertinent part, that:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

17. A debtor's failure to meet its post-petition obligations under a Lease pursuant to Section 365(d)(3) constitutes cause under Section 362(d)(1) to modify the automatic stay to

allow a landlord to pursue its state court eviction remedies against the Debtor. *See e.g., Pudgie's*, 239 B.R. at 696.

18. As set forth above, the Debtor has not met its post-petition obligations under the Lease. Therefore, to the extent that this Court does not order the Debtor to satisfy its post-petition rent obligations, Davis Street respectfully requests that this Court enter an order modifying the automatic stay to allow Davis Street to pursue any and all state court remedies against the Debtor for its failure to pay post-petition rent.

WHEREFORE, Davis Street respectfully requests that this Court enter an Order:

A. Directing the Debtor to, within five (5) days of the entry of such order, pay $51,403.95 Davis Street Land Company of Tennessee LLC for post-petition Rent accrued, plus any amounts that continue to accrue, or, in the alternative,

B. Modifying the automatic stay to allow Davis Street to pursue its state court remedies against the Debtor; and

C. Granting Davis Street such other and further relief as is just.

Dated: New York, New York
August 12, 2009

Klestadt & Winters, LLP

By: */s/ Joseph C. Corneau*
Tracy L. Klestadt
Joseph C. Corneau
292 Madison Avenue, 17th Floor
New York, NY 10017
(212) 972-3000

-and-

Wildman, Harrold, Allen & Dixon LLP
Jonathan W. Young
Jeffrey Chang
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 201-2000

*Attorneys for Davis Street Land Company of Tennessee LLC*