KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
Jeffrey Kurtzman (JK-7689)
Brian Crowley (BC-2778)
260 South Broad Street, Suite 400
Philadelphia, PA 19102
Telephone: (215) 568-6060
Facsimile: (215) 568-6603
Email: jkurtzman@klehr.com
Email: bcrowley@klehr.com

*Attorneys for PREIT Services, LLC, as agent for
WG Park L.P. and PR Woodland Limited
Partnership*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: October 8, 2009<br>Hearing Time: 10:00 a.m. |

| | |
|---|---|
| In re:<br><br>BACHRACH ACQUISITION, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-12918 (SMB) |

## MOTION OF PREIT SERVICES, LLC, AS AGENT FOR WG PARK, L.P. AND PR WOODLAND LIMITED PARTNERSHIP, FOR AN ORDER COMPELLING IMMEDIATE PAYMENT OF POST-PETITION RENT PURSUANT TO 11 U.S.C § 365(d)(3)

PREIT Services, LLC, as agent for WG Park, L.P. ("WGP") and PR Woodland Limited Partnership ("Woodland" and together with WGP, the "Landlords"), by and through their undersigned attorneys, hereby files this motion (the "Motion") for the entry of an order pursuant to sections 105 and 365(d)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") compelling Bachrach Acquisition, Inc. (the "Debtor") to pay certain post-petition lease obligations, as more particularly described below. In support of the Motion, the Landlords respectfully represent as follows:

PHIL1 868719-2

## INTRODUCTION

1. The Debtor in this case has failed to satisfy its post-petition lease obligations to the Landlords. The Landlords have sought, and continue to seek, payment in full of the post-petition rent due and owing from the Debtor; however, the Debtor has not made the requisite post-petition payments due under its respective leases with the Landlords. Accordingly, the Landlords are now seeking an order directing the immediate payment for the post-petition rent and other obligations due and owing under section 365(d)(3) of the Bankruptcy Code.[1]

## BACKGROUND

**Procedural Background**

2. On May 6, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York.

3. The Debtor continues to operate its businesses and manage its assets as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed this case.

4. On May 22, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

**The Debtor's Relationship With The Landlords And Post-Petition Defaults**

5. The Debtor is a specialty retailer of men's clothing and accessories with forty-nine (49) stores located in Illinois, Indiana, Michigan, Virginia, Texas, Tennessee, Wisconsin, Pennsylvania, Georgia, Oklahoma, Kansas, Maryland, New Jersey, New York and Missouri.

---

[1] The Debtor and the Landlords have been engaged in settlement discussions regarding the post-petition lease obligations; however, to date, no settlement agreement has been docketed and the post-petition lease obligations remain outstanding.

6. Prior to the Petition Date the Debtor and the Landlords entered into two separate non-residential lease agreements for retail space at the Willow Grove Park Mall located in Willow Grove, Pennsylvania (the "WGP Lease") and the Woodland Mall located in Grand Rapids, Michigan (the "Woodland Lease" and together with the WGP Lease, the "Lease Agreements"). A true and correct copy of the WGP Lease is attached hereto as **Exhibit "A."**

7. The WGP Lease expires by its terms in March, 2017. As of the filing of this Motion, the Debtor has not filed a motion to assume or reject the WGP Lease.

8. The Woodland Lease will expire in January, 2011. A true and correct copy of the Woodland Lease is attached hereto as **Exhibit "B."**

9. The Debtor has continued to occupy the respective Landlords' premises without having satisfied its payment obligations under the WGP Lease and the Woodland Lease. As set forth more fully set forth in the statement attached hereto as **Exhibit "C,"** the Debtor is indebted to WGP under the WGP Lease for post-petition lease obligations in the aggregate amount of $63,748.07.

10. Additionally, as set forth more fully in the statement attached hereto as **Exhibit "D,"** the Debtor is also indebted to Woodland under the terms of the Woodland Lease for post-petition lease obligations in the aggregate amount of $18,728.44.

11. As a result of the Debtor's failure to pay post-petition rent, the Landlords are entitled to $82,476.51 (the "Post-Petition Lease Obligations") pursuant to section 365(d)(3) of the Bankruptcy Code.

12. The Post-Petition Lease Obligations are as follows:

| | |
|---|---|
| Willow Grove Property: | $ 63,748.07 |
| Woodland Property: | $ 18,728.44 |
| Total Amount Due | $ 82,476.51 |

PHIL1 868719-2

## JURISDICTION AND VENUE

13. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

**The Landlords Are Entitled To The Immediate Payment In Full Of All Post-Petition Rent Pursuant To 11 U.S.C. § 365(d)(3)**

14. Pursuant to section 365(d)(3) of the Bankruptcy Code, the Debtor is required to pay the Post-Petition Lease Obligations timely and in full. This provision of the Bankruptcy Code creates a unique obligation of debtors to make timely payments of their obligations due to the fact that landlords are essentially forced to provide current use of their properties. *See In re Stone Barn Manhattan LLC*, 398 B.R. 359, 361-62 (Bankr. S.D.N.Y. 2008); *See also The Caldor Corp. v. S Plaza Assocs., L.P. (In re Caldor, Inc.-NY)*, 217 B.R. 116, 120-21 (Bankr. S.D.N.Y. 1998). Section 365(d)(3) provides in relevant part:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

15. The Debtor is required to pay base rent (and all other obligations under the Lease Agreements) if it occupies leased nonresidential real property pursuant to a lease that has not been assumed or rejected. The requirement is mandatory and must be performed timely. Furthermore, the obligations imposed by section 365(d)(3) are entitled to administrative expense priority under section 503(b). *In re Virginia Packaging Supply Co.*, 122 B.R. 491, 494 (Bankr. E.D. Va. 1990).

16. The goal of section 365(d)(3) is to protect the Landlords. Indeed, Congress enacted section 365(d)(3) for the express purpose of protecting landlords by requiring the timely payment of lease obligations in the post-petition, pre-rejection period. As one court recently noted:

> There is no dispute as to the purpose of § 365(d)(3). Congress enacted the statute to ameliorate the perceived inequities that lessors of nonresidential real property had faced during the period after a Chapter 11 filing but before assumption or rejection. As Senator Orrin Hatch, a conferee to the original act, stated: "In this situation, the landlord is forced to provide current services-the use of its property, utilities, security, and other services-without current payment . . . the bill would lessen these problems . . . ."

*In re Stone Barn Manhattan LLC*, 398 B.R. 359, 361 (Bankr. S.D.N.Y. 2008) quoting Cong.Rec. S8894-95 (daily ed. June 29, 1984); *See also* In re *Montgomery Ward Holdings Corp.*, 268 F.3d 205, 209 (3d Cir. 2001).

17. Section 365(d)(3) grants a landlord an immediate right to payment of post-petition rent without the need to file an administrative expense claim or motion. 11 U.S.C.§ 365(d)(3); *In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 611 (Bankr. D. Del. 2008) ("In short, section 365(d)(3) does not limit a landlord's remedies for payment of post-petition rent to that section, rather it expands those rights by providing for the timely payment of rent obligations *without the need for a landlord to file an administrative claim and seek immediate payment."); In re Valley Media, Inc.*, 290 B.R. 73, 77 (Bankr. D. Del. 2003) ("Thus, I do not have to conclude that the obligation [under section 365(d)(3)] is an administrative expense claim. I simply conclude that Congress found it appropriate to require that the lease 'obligations' must be timely paid *(i.e., when due in the pre-rejection period)*, however one may otherwise label those 'obligations.' . . . . The timely payment of the obligation is dictated by the statute.").

18. As such, the Landlords request that the Debtor be compelled to satisfy its obligations under section 365(d)(3) immediately. *See In re Pudgie's Development of NY, Inc.*, 239 B.R. 688, 693 (S.D.N.Y. 1999) ("The plain meaning of § 365(d)(3) requires that the landlord

5

obtain payment as lease obligations become due"); *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 973 (Bankr. E.D. Pa. 1987) (concluding that a nonresidential lessor's administrative expense claim arising under section 365(d)(3) should be paid immediately absent a showing of good cause).

19. Here, the Debtor continues to operate its business and occupy the Woodland premises pending its assumption or rejection of the lease and continued to occupy the Willow Grove premises. The Landlords should not be made to carry the burden of these operations. Accordingly, the Landlords respectfully request that this Court enter an order compelling the Debtor to immediately pay the Post-Petition Lease Obligations in full.

20. Moreover, the Landlords have incurred significant attorneys' fees and costs in relation to their post-petition enforcement of the Lease Agreements, to which they are also entitled under the Lease Agreements. *See Urban Retail Properties v. Loews Cineplex Entertainment Corp.*, 2002 WL 535479, 9 (S.D.N.Y. 2002); *See* Willow Grove Lease §16.05; Woodland Lease § 19.03.

21. Therefore, the Landlords, respectfully requests that this Court enter an order directing the Debtor to make payment of all post-petition amounts in full including $82,476.51 plus other fees and expenses, as well as all reasonable attorneys fees incurred by the Landlords as a result of the Debtor's default of its post-petition obligations.

## NOTICE

22. Notice of this Motion will be provided by counsel to PREIT Services, LLC, to (i) counsel to the Debtor, (ii) the Office of the United States Trustee for the Southern District of New York, (iii) counsel for the Committee, and (iv) all other parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Landlords submit

PHIL1 868719-2

that no other or further notice need be given and that the notice provided by the Landlords is sufficient.

23. No previous request for the relief sought herein has been made by the Landlords to this or any other Court.

## CONCLUSION

WHEREFORE, the Landlords respectfully request that this Court enter an order, in substantially the form annexed hereto as **Exhibit "E,"** compelling the Debtor to immediately pay all post-petition amounts due under the Lease Agreements in an amount no less than $82,476.51, plus other expenses and fees; and to grant the Landlords such other and further relief as this Court deems just and proper.

Dated: September 21, 2009

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By: _____
Jeffrey Kurtzman (JK-7689)
Brian Crowley (BC-2778)
260 S. Broad Street
Philadelphia, PA 19102
Telephone: (215) 549-4493
Facsimile: (215) 568-6603
Email: jkurtzman@klehr.com
Email: bcrowley@klehr.com

*Attorneys for PREIT Services, LLC, as agent for WG Park L.P. and PR Woodland Limited Partnership*