PLATZER, SWERGOLD, KARLIN,
LEVINE, GOLDBERG & JASLOW, LLP
Attorneys for the Debtor
1065 Avenue of the Americas, 18th Floor
New York, New York 10018
Telephone: (212) 593-3000
Facsimile: (212) 593-0353
Henry G. Swergold, Esq.
Clifford A. Katz, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | CHAPTER 11 |
| BACHRACH ACQUISITION, LLC, | Case No. 09-12918 (SMB) |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 6004
(i) APPROVING PROCEDURES IN CONNECTION WITH THE SALE
OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS
AND (ii) SETTING RELATED AUCTION, CURE OBJECTIONS AND HEARING DATES**

Upon the motion (the "Motion" )[1] of the above-captioned debtor and debtor in possession ( the "Debtor") for entry of an order pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) approving procedures (the "Bidding Procedures") in connection with the sale of all or substantially all of the Debtor's assets (the "Assets") and (ii) setting related auction and sale hearing dates, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion

and 1409; and due and proper notice of the Motion and the Bidding Procedures having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

**FOUND AND DETERMINED THAT:**

      A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      B.      Good and sufficient notice of the relief sought in the Motion has been given under the circumstances, and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the Bidding Procedures) has been afforded to all interested persons and entities.

      C.      The Debtors' proposed notice of the Bidding Procedures, the Auction and the hearing to approve any sale of the Assets (the "Sale Approval Hearing") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

      D.      The Bidding Procedures substantially in the form attached to the Motion as <u>Exhibit B</u> are fair, reasonable, and appropriate and are designed to maximize the recovery from any sale of the' Assets (the "Sale").

E. On or about _____, the Debtor served notice of the Auction and the Sale Approval Hearing, (the "Sale Notice") by first class mail on the Sale Notice Parties.

F. Entry of this Order is in the best interests of the Debtor and its estate, creditors, and all other parties in interest herein.

G. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

H. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Bidding Procedures as reflected on Exhibit "A" annexed hereto are hereby APPROVED in all respects, fully incorporated into this Order and the Debtor is are authorized and directed to act in accordance therewith.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits.

3. The form of Sale Notice, attached to the Motion as Exhibit D, is approved.

4. Service of the Sale Notice on the Sale Notice Parties in the manner described herein and in the Motion constitutes good and sufficient notice of the Auction and the Sale Approval Hearing. No other or further notice is required.

4. All Qualified Bids must be received by the Bid Deadline and

comply with the applicable provisions of the Bidding Procedures.

6. The Auction shall be conducted at the offices of Platzer, Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, 1065 Avenue of the Americas, New York 10018 commencing on _____ **at 10:00 a.m. (prevailing Eastern Time).**

7. Objections to the Sale shall be in writing, filed, and served so as to be <u>actually received</u> by: (i) counsel to the Debtor, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP 1065 Avenue of the America, New York, New York 10018, Attn: Henry Swergold Esq. or Clifford Katz Esq., (ii) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Serene K. Nakano, Esq., (iii) counsel to Wells Fargo Business Credit, Ruskin, Moscou, Faltischek, P.C., East Tower, 15th Floor, 1424 RXR Plaza, Uniondale, NY 11556-1425, Attn: Jeff Wurst, Esq.; and (iv) counsel to the Creditors' Committee, Kelly Drye & Warren LLP 101 Park Avenue New York, New York 10178, Attn: Robert Lehane, Esq., by _____ **at 4 p.m. (prevailing Eastern Time).**

8. The Sale Approval Hearing shall be held in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, **on _____ at 10:00 a.m. (prevailing Eastern Time)** or such other date and time that the Court may later direct; <u>provided, however,</u> that the Sale Approval Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Court's docket.

9. If for any reason the entity or entities that submit(s) the highest or otherwise best bid(s) fails to consummate the purchase of the Assets, or any part thereof, the bidder of the second highest or best bid shall remain bound by such bid and will automatically be deemed to have submitted the highest or best bid.

10. No later than January , 2010, the Debtor will file a schedule of cure

obligations (the "Cure Schedule") with the Court and serve such schedule by first class mail on the parties to executory contracts and unexpired leases that may be assumed and assigned.

11. Any objections to the assumption and assignment of any executory contract or unexpired lease identified on the Cure Schedule, must be in writing, filed with the Court, and be actually received on or before _____ at 5:00 p.m on counsel to the Debtor, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP 1065 Avenue of the America, New York, New York 10018, Attn: Henry Swergold Esq. or Clifford Katz Esq., and counsel to the Committee, Kelly Drye & Warren LLP 101 Park Avenue New York, New York 10178,Attn: Robert Lehane, Esq.

12. If no objections are received, the cure amounts set forth in the Cure Schedule shall be binding upon the non-debtor parties to the unexpired leases or executory contracts for all purposes in this chapter 11 case. In addition, each non-debtor party to such unexpired lease or executor contract shall be forever barred from objecting to the cure information set forth in the Cure Schedule, including, without limitation, the right to assert any additional cure or other amounts with respect to the unexpired leases or executory contracts.

13. If a timely objection is received and such objection cannot otherwise be resolved by the parties, the Debtor will request that the Court establish a date to hear such objection and, pending such hearing, the Debtor will pay the undisputed portion, if any, of the cure amount as set forth on the Cure Schedule from the sale proceeds.

14. Wells Fargo Business Credit and the Debtor agree to split on a 50-50 basis the amount of any increased bid (net of the break -up fee) resulting from the Auction.

15. The Break Up Fee in the amount of $200,000 is hereby approved.

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in this case, the terms of this Order shall govern.

18. This Court shall retain jurisdiction over any matters related to or arising from the implementation or interpretation of this Order.

Dated: January      , 2010
      New York, New York

CHIEF UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed in connection with an auction (the "Auction") for the sale of the Debtor's assets. At a hearing following the Auction (the "Sale Approval Hearing"), the Debtor will seek entry of an order (the "Sale Order") from the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") authorizing and approving the Sale to the Qualified Bidder(s) (as defined below) that the Debtor in consultation with its lender and the Official Committee Of Unsecured Creditors (the "Committee") determine to have made the highest or otherwise best bid(s) (the "Successful Bidder(s)").

## Assets to Be Sold

The Debtor is offering for sale substantially all of their assets (the "Assets"). Except as otherwise provided in definitive documentation with respect to the Sale, all of the Debtor's rights, title and interest in and to the Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against in accordance with section 363 of the Bankruptcy Code.

## The Bidding Process

In consultation with the Debtor's lender and the Committee, the Debtor shall (i) determine whether any person is a Qualified Bidder (as defined below), (ii) provide reasonable assistance to Qualified Bidders in conducting their due diligence investigations, (iii) receive offers from Qualified Bidders and (iv) negotiate any offers made to purchase the Assets. Any person who wishes to participate in this bidding process must be a Qualified Bidder. Neither the Debtor nor its representatives shall be obligated to furnish any information of any kind to any person who is not determined to be a Qualified Bidder.

## Bid Deadline

Any person or entity wanting to participate in the Auctions must submit a Qualified Bid (as defined below) on or before _____ **2010 at 11:30 (prevailing Eastern Time)** or such later date as determined by the Debtor in its discretion (the "Bid Deadline") in writing, to (i) Henry Swergold and Clifford Katz, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, 1065 Avenue of the Americas, New York, New York 10018, Telephone: (212) 593-3000, (ii) counsel to Wells Fargo Business Credit Operating Division , as the Post-Petition Lender, Ruskin, Moscou, Faltischek, P.C. , East Tower, 15th Floor, 1424 RXR Plaza, Uniondale, NY 11556-1425, Attn: Jeff Wurst, Esq.; and (iii) counsel to the Creditors' Committee, Kelly Drye & Warren LLP 101 Park Avenue New York, New York  10178,Attn: Robert Lehane, Esq.

**Qualified Bids**

To qualify as a "Qualified Bidder," a bidder must submit a "Qualified Bid" by the Bid Deadline. To constitute a Qualified Bid, a bid must: (i) identify the assets to be acquired, (ii) contain a mark-up of the APA that reflects the bidder's proposed changes thereto; (iii) identify the potential bidder and the officer(s) or authorized agent(s) who will appear on behalf of such bidder; (iv) provide evidence, satisfactory to the Debtor in their reasonable discretion of the bidder's financial wherewithal and operational ability to consummate the proposed transaction; (v) provide that the bid shall not be conditioned on the outcome of unperformed due diligence by the bidder, board approval, or any financing contingency; (vi) include the Qualified Bidder's Good Faith Deposit (as defined below); (vii) identify any executory contracts ("Contracts") or unexpired leases ("Leases") to be assumed and assigned in connection with the Sale; (viii) provide evidence of adequate assurance of future performance with respect to the proposed Contracts and Leases; (ix) provide that the bidder's offer is irrevocable until consummation of a transaction involving any other bidder for the same Assets; and (x) contain the form of order that the bidder would request the Debtor to seek Court approval of at the Sale Approval Hearing.

**Good Faith Deposits**

Bidders will be required to submit good faith deposits (the "Good Faith Deposits") with the Debtor on or before the Bid Deadline. Such Good Faith Deposits shall be equal to ten percent (10%) of the purchase price of such bid. Good Faith Deposits of all Qualified Bidders shall be held in a separate interest-bearing account for the Debtor's benefit until eleven (11) business days following the Sale Approval Hearing. If a Successful Bidder fails to consummate an approved Sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtor will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit shall irrevocably become property of the Debtor.

**Due Diligence**

Upon the execution of an appropriate confidentiality agreement, the Debtor will afford any potential bidder the opportunity to conduct a reasonable due diligence review in the manner determined by the Debtor. The Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline.

Each bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets that are the subject of the Auction prior to making any such bids; that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid; and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures.

**The Auction**

The Auction will be conducted at the offices of Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, 1065 Avenue of the Americas, New York, New York 10018 on _____, **commencing at 10:00 a.m. (prevailing Eastern Time)** to determine the highest or otherwise best bid with respect to the Assets. Any bidder submitting a Qualified Bid may appear and submit its highest or best bid at the Auction. The Auction may be adjourned without further notice by announcement at the Auction.

**Auction Procedures**

Prior to the start of each Auction, the Debtor will advise all Qualified Bidders of what they believe to be the highest or otherwise best Qualified Bid. Only Qualified Bidders are eligible to participate in the Auction. Bidding at the Auction shall begin initially with the highest or otherwise best bid and shall subsequently continue in such minimum increments as the Debtor determines.

Bidding will continue with respect to the Auction until the Debtor determines that they have received the highest or otherwise best bid(s) for the Assets. After the Debtor so determines, it will close the Auction, subject, however, to their right to re-open the Auction if necessary. The Debtor, after consultation with the Committee and its lender, will then determine and announce which sale or combination of sales has been determined to be the highest or otherwise best bid (the "Successful Bid(s)").

**Adequate Assurance**

If any Qualified Bid requires the assumption and assignment of Contracts or Leases, then such offeror must identify such Contracts and/or Leases to be assumed and assigned and provide evidence of its ability to provide adequate assurance of future performance of such Contracts or Leases along with the Qualified Bid.

**Reservation Of Rights**

    a.    **Determination of Highest and Best Bid**

The Debtor reserves the right to (i) determine in their reasonable discretion (after consultation with its lender and the Creditors' Committee) which bid is the highest or best bid and (ii) reject at any time prior to entry of a Court order approving an offer, without liability, any offer that the Debtor in their reasonable discretion deem to be (x) inadequate or insufficient, (y) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or procedures set forth therein or herein, or (z) contrary to the best interests of the Debtor and its estates.

The selection of a Successful Bidder shall be within the reasonable business judgment of

the Debtor (after consultation with its lender and the Creditors' Committee) and subject to the approval of the Bankruptcy Court. Economic considerations shall not be the sole criteria upon which the Debtor may base their decision.

**Modification of Bidding Procedures**

The Debtor, in consultation with its lender and the Creditors' Committee, reserve the right to, (i) extend the deadlines set forth in the Bidding Procedures and/or adjourn the Auction at the Auction and/or the Sale Approval Hearing in open court without further notice, (ii) withdraw any asset(s) (the "Withdrawn Assets") from the Sale at any time prior to or during the Auction, (iii) reject any or all bids if, in the Debtor's reasonable business judgment, no bid is for a fair and adequate price, and (iv) otherwise modify the Bidding Procedures in its discretion.

b. **Closing with Backup Bidder**

If for any reason the entity or entities that submit(s) the highest or otherwise best bid(s) fails to consummate the purchase of the Assets, or any part thereof, the offeror of the second highest or best bid shall remain bound by such bid and will automatically be deemed to have submitted the highest or best bid and to the extent the Debtor consents, the Debtor and such bidder are authorized to effect the Sale of the Assets, or any part thereof, to such bidder as soon as is commercially reasonable. If such failure to consummate the purchase is the result of a breach by the winning bidder, the Debtor reserves the right to seek all available damages from the defaulting bidder.

**Sale Approval Hearing**

The Sale Approval Hearing will be held on _____, **commencing at 10:00 a.m. (prevailing Eastern time)** at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, before the Honorable Stuart M. Bernstein, Chief United States Bankruptcy Judge. The Sale Approval Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Court's docket.