JEFFREY A. WURST (JW-9744)
DANIEL L. McAULIFFE (DM-0956)
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, NY 11556-1425
(516) 663-6600

Attorneys for Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:                                          Chapter 11

BACHRACH ACQUISITION, LLC,                      Case No: 09-12918 (smb)

                Debtor.

-----------------------------------------------------------X

## RESPONSE OF WELLS FARGO BANK, N.A. TO DEBTOR'S APPLICATION PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, AND 6006 FOR (I) ENTRY OF AN ORDER (A) ESTABLISHING BIDDING PROCEDURES FOR THE SALE OF ASSETS, (B) APPROVING CERTAIN BID PROTECTIONS, (C) SCHEDULING AN AUCTION AND SALE HEARING, AND (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER AUTHORIZING AND APPROVING (A) THE DEBTOR'S ENTRY INTO A CERTAIN ASSET PURCHASE AGREEMENT, (B) THE SALE OF ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS, AND (C) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES

Wells Fargo Bank, National Association ("Wells Fargo") by and through its undersigned counsel, Ruskin Moscou Faltischek, P.C., hereby responds (the "Response") to the Debtor's Application Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding Procedures for the Sale of Assets, (B) Approving Certain Bidding Protections, (C) Scheduling an Auction and Sale Hearing, and (D) Approving the Form and Manner of Notice Thereof; and (II) an Order

476861

Authorizing and Approving (A) the Debtor's Entry Into a Certain Asset Purchase Agreement, (B) the Sale of Assets Free and Clear of Liens and Other Interests, and (C) Assumption and Assignment of Certain Executory Contracts and Leases (the "Sale Motion"). In support of the Response, Wells Fargo respectfully submits the following:

## PRELIMINARY STATEMENT

1. Wells Fargo does not object to the sale contemplated by the Debtor, nor the process by which the sale is to be achieved. In fact, Wells Fargo believes that an immediate sale of substantially all of the Debtor's assets will maximize value to the estate and minimize any further diminution in value of Wells Fargo's collateral. Wells Fargo holds a first priority lien on substantially all of the Debtor's assets, and, thus, is entitled to receive the proceeds of sale up to the amount of the indebtedness owed to Wells Fargo. Notwithstanding, the Sale Motion and distribution of proceeds envisions payments to claimholders whose interests are subordinate to those of Wells Fargo without Wells Fargo first being paid in full. Specifically, the Sale Motion proposes that $500,000 of the obligations owed by the Debtor to Wells Fargo be subordinated to certain payments enumerated in the Sale Motion. Subject to the terms and conditions set forth herein, Wells Fargo consents to the Sale Motion and will consent to subordinate a portion of its first priority security interests based only upon the terms and conditions set forth below.

## BACKGROUND

2. Bachrach Acquisition LLC (the "Debtor" or "Bachrach") filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Code") on May 6, 2009 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), commencing the instant bankruptcy case (the "Bankruptcy Case").

3. Prior to the Petition Date, Bachrach and Wells Fargo entered into a certain Credit and Security Agreement, dated January 12, 2007 (the "Pre-Petition Credit Agreement"), pursuant to which Wells Fargo agreed to make loans and advances and other financial accommodations to or for the benefit of Bachrach and Bachrach granted a security interest to Wells Fargo in and to Bachrach's accounts, inventory, and other Bachrach Collateral as set forth in the Pre-petition Credit Agreement.

4. Following the Petition Date, Wells Fargo agreed to continue to provide financing to the Debtor, and Wells Fargo was granted a first lien on all of the Debtor's assets, subject only to legally binding and non-avoidable pre-petition liens, if any.

5. On June 23, 2009 this Court approved the Final Order Authorizing Debtor in Possession to Incur Post-Petition Secured Indebtedness, To Grant Security Interest and Priority Claims Pursuant to Sections 364(c) and 364(d) of the Bankruptcy Code Modifying Automatic Stay and Approving Agreements with Wells Fargo Bank, National Association Acting Through Its Wells Fargo Business Credit Operating Division (the "Financing Order") pursuant to which Wells Fargo was granted post-petition liens on substantially all of the Debtor's assets as described in the Financing Order.

## SALE

6. Wells Fargo has been advised that the Sale Motion proposed by the Debtor has been heavily negotiated and entered into by sophisticated parties without collusion, in good faith and from arms-length bargaining positions. Wells Fargo recognizes, as the Debtor has stated in the Sale Motion, that due to a weak retail market combined with its own liquidity constraints, the only viable option to maximize value for the estate is to proceed with the sale. The estate and its administrative and unsecured creditors will benefit from the proposed sale inasmuch as the Sale

Motion provides for distributions that they would not likely receive through a liquidation. Should the sale fail to be approved and the Debtor be forced to liquidate, it is doubtful that there would be any value left for the administrative and unsecured creditors of this Debtor's estate.

## CONDITIONS TO SALE

7. In order to better assure the approval of the Sale Motion by providing for a dividend to parties other than the senior secured lender, Wells Fargo has expressed its willingness to subordinate up to $500,000 of its first priority secured claim to the following:

   a. Administrative claimants (excluding professionals) in an amount not to exceed $1,000,000 (the "Administrative Claim Payment");

   b. Professionals retained for the benefit of the Debtor's estate in an amount not to exceed $400,000;

   c. Unsecured creditors in an amount not to exceed $500,000; and

   d. Weatherproof in an amount not to exceed $250,000.[1]

8. This intended subordination would be subject to, and conditioned upon, Wells Fargo receiving a cash payment upon closing of the Sale in an amount not less than $3,000,000 (the "Cash Payment") provided that the loan balance, inclusive of all fees, costs and expenses, including, but not limited to, attorneys' fees (the "Loan Balance") at such time does not exceed the amount of $3,500,000. In the event the Loan Balance should be greater than $3,500,000, Wells Fargo's consent would be conditioned upon being paid the amount of the Loan Balance

---

[1] Notwithstanding, the Sale Motion proposes payments to professionals in the amount of $500,000, unsecured creditors in the amount of $450,000, and Weatherproof in the amount of $200,000, Wells Fargo is not objecting to these changes.

less $500,000, with the additional funds coming by way of a reduction in the Administrative Claim Payment.[2]

9. Wells Fargo's consent and willingness to subordinate is further subject to and conditioned upon the Bid Procedures Order providing that 50% of the net proceeds of any overbids at auction (after payment of any break-up fee, if any) shall be paid to Wells Fargo (taken together with the Cash Proceeds, not to exceed the Loan Balance).

## **CONCLUSION**

**WHEREFORE**, based upon the foregoing, Wells Fargo reserves all of its rights with respect to the Application, including, but not limited to, its right to object to the Sale Motion, and requests that the Court approve the Bid Procedures Order and the Sale Motion subject to the conditions set forth in this Response, together with such other and further relief as this Court deems just and proper

Dated: Uniondale, New York
January 27, 2009

                                RUSKIN MOSCOU FALTISCHEK, P.C.
                                Attorneys for Wells Fargo Bank, N.A.

By: _____
        JEFFREY A. WURST (JW-9744)
        DANIEL L. McAULIFFE (DM-0956)
        East Tower, 15th Floor
        1425 RXR Plaza
        Uniondale, NY 11556-1425
        (516) 663-6600

---

[2] Wells Fargo is advised that as of the writing of this Response, the Debtor anticipates a Loan Balance of approximately $3,600,000 and thus a reduction in the Administrative Claim Payment of about $100,000.