Klestadt & Winters, LLP
Tracy L. Klestadt
Joseph C. Corneau
292 Madison Avenue, 17th Floor
New York, NY 10017
(212) 972-3000

    -and-

Wildman, Harrold, Allen & Dixon LLP
Jonathan W. Young
John W. Costello
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 201-2000

Attorneys for Davis Street Land Company of Missouri III, LLC and
Davis Street Land Company of Tennessee LLC

| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **Hearing Date**: February 23, 2010<br>**Hearing Time**: 10:00 a.m. |
|---|---|
| In re: | Chapter 11 |
| BACHRACH ACQUISITION, LLC, | Case No. 09-12918 (SMB) |
| Debtor. | |

**OBJECTION OF DAVIS STREET LAND COMPANY OF TENNESSEE, LLC AND DAVIS STREET LAND COMPANY OF MISSOURI III, LLC TO DEBTOR'S APPLICATION PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006 FOR (I) ENTRY OF AN ORDER (A) ESTABLISHING BIDDING PROCEDURES FOR THE SALE OF ASSETS, (B) APPROVING CERTAIN BID PROTECTIONS, (C) SCHEDULING AN AUCTION AND SALE HEARING, AND (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER AUTHORIZING AND APPROVING (A) THE DEBTOR'S ENTRY INTO A CERTAIN ASSET PURCHASE AGREEMENT, (B) THE SALE OF ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS, AND (C) ASSUMPTION AND ASSIGNMENT OF <u>CERTAIN EXECUTORY CONTRACTS AND LEASES</u>**

Davis Street Land Company of Tennessee, L.L.C. ("<u>Davis Street-Tennessee</u>") and Davis

Street Land Company of Missouri III, LLC ("<u>Davis Street-Missouri</u>") hereby object (the

1

"Objection") to the Debtor's Application Pursuant To Sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 for (I) Entry of an Order (A) Establishing Bidding Procedures for the Sale of Assets, (B) Approving Certain Bid Protections, (C) Scheduling an Auction and Sale Hearing, and (D) Approving the Form and Manner of Notice Thereof; And (II) an Order Authorizing and Approving (A) the Debtor's Entry Into a Certain Asset Purchase Agreement, (B) the Sale of Assets Free and Clear of Liens and Other Interests, and (C) Assumption and Assignment of Certain Executory Contracts and Leases (the "Sale Motion") filed by Bachrach Acquisition, LLC ("Debtor"), and in support of their objection, respectfully submit as follows:

**Preliminary Statement**

Davis Street-Tennessee and Davis Street-Missouri do not object to the proposed sale, which would include the assumption and assignment of the Green Hills Lease and the Meadows Lease (each defined below), provided that the Debtor complies with the requirements of section 365(b) of the Bankruptcy Code and cure, or provide adequate assurance of a cure, of all defaults under the Meadows Lease and the Green Hills Lease. The Sale Motion provides that it will pay, from the proceeds of sale, cure amounts that are listed on its Cure Schedule (defined below) or that it otherwise agrees with, but does not provide any adequate assurance of the cure of asserted defaults that are not listed on the Cure Schedule.

In the context of a case where the Debtor proposes to sell substantially all of its assets, Davis Street-Tennessee and Davis Street-Missouri respectfully submit that the Debtor must either cure all defaults, whether they be pre-petition, post-petition, monetary or non-monetary, that exist at the time of assumption and assignment of the Green Hills Lease and the Meadows Lease, or alternatively, must escrow sufficient funds from the proceeds of sale to cure all defaults

2

under the Green Hills Lease and Meadows Lease, pending consensual resolution or judicial determination of the proper cure. Without such an escrow, there is <u>no</u> assurance at all that the defaults that are not listed on the Cure Schedule will be cured at all, much less promptly.

While Davis Street-Tennessee and the Debtor have been working for some time in an effort to resolve the Motions to Compel (defined below), as of the filing of this Objection, a mutually agreeable settlement document has not been executed. Davis Street-Tennessee and Davis Street-Missouri therefore file this objection in order to preserve their rights under section 365(b) of the Bankruptcy Code to receive a cure, or adequate assurance of a prompt cure, of all defaults under the Meadows Lease Green Hills Lease, not just those listed on the Cure Schedule.

## BACKGROUND

### The Leases

1. Prior to the Petition Date, on or about April 28, 1994, Green Hills Associates, predecessor to Davis Street-Tennessee, and Bachrach Clothing, Inc., predecessor to the Debtor, entered into a lease, as modified and amended from time to time (the "<u>Green Hills Lease</u>") for certain premises commonly known as Space No. 132 in The Mall at Green Hills (the "<u>Green Hills Premises</u>") located in Nashville, Tennessee.

2. Prior to the Petition Date, on or about May 15, 2008, the Davis Street-Missouri and the Debtor entered into a lease (the "<u>Meadows Lease</u>") for certain premises commonly known as Store No. 104 in the shopping center commonly known as The Meadows (the "<u>Meadows Premises</u>") located in Lake St. Louis, Missouri.

## THE CHAPTER 11 CASE

3. On May 6, 2009 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "<u>Bankruptcy Code</u>") in the United

States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

**The Motions to Compel**

4. On or about August 13, 2009, Davis Street-Tennessee filed its Motion of Davis Street Land Company of Tennessee to Compel Immediate Payment of Post-Petition Rent Pursuant to 11 U.S.C. § 365(d)(3) (the "First Motion to Compel") [Docket No. 150]. In summary, the First Motion to Compel requested that the Court entry an order directing the Debtor to pay due and unpaid post-petition rent.

5. On or about September 9, 2009, Davis Street-Tennessee filed the Supplement to Motion of Davis Street Land Company of Tennessee LLC to Compel Immediate Payment of Post-Petition Rent Pursuant to 11 U.S.C. § 365(d)(3) [Docket No. 178] (the "Supplemental Motion to Compel," and together with the Motion to Compel, the "Motions to Compel"). The Motions to Compel, and the Davis Street Reply (defined below) are incorporated herein by reference as if more fully set forth herein. In summary, the Supplemental Motion to Compel requested entry of an order directing the Debtor to discharge mechanic's and materialman's liens (the "Liens") that had been filed by certain of the Debtor's contractors (the "Lienors") against the Green Hills Premises.

6. On or about December 21, 2009, the Debtor filed the Debtor's Opposition to Motion of Davis Street Land Company of Tennessee, LLC to [Compel] Immediate Payment of Post-Petition Rent Pursuant to 11 U.S.C. § 365(d)(3) (the "Debtor's Opposition") [Docket No. 367]. Significantly, the Debtor's Opposition did not dispute the fact that discharge of the Liens and the payment of attorney's fees and costs were obligations of the Debtor under the Green Hills Lease, but instead argued that the obligations arose prior to the Petition Date, and therefore those obligations were not subject to section 365(d)(3) of the Bankruptcy Code.

7. On February 17, 2010, Davis Street-Tennessee filed its Reply to Debtor's Opposition to Motion of Davis Street Land Company of Tennessee, LLC to Compel Immediate Payment of Post-Petition Rent Pursuant to 11 U.S.C. § 365(d)(3) (the "Davis Street Reply") [Docket No. 416].

**The Sale Motion**

8. On January 19, 2010, the Debtor filed its Application Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding Procedures for the Sale of Assets, (B) Approving Certain Bid Protections, (C) Scheduling an Auction and Sale Hearing, and (D) Approving the Form and Manner and Notice Thereof; and (II) and Order Authorizing and Approving (A) the Debtor's Entry into a Certain Asset Purchase Agreement, (B) the Sale of Assets Free and Clear of Liens and Other Interests, and (C) the Assumption and Assignment of Certain Executory Contracts and Leases (the "Sale Motion") [Docket No. 382].

9. On February 1, 2010, the Bankruptcy Court entered the Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004 (i) Approving Procedures in Connection with the Sale of all or Substantially all of the Debtor's Assets and (ii) Setting Related Auction, Cure Objections and Hearing Dates (the "Bidding Procedures Order") [Docket No. 394].

10. Pursuant to the Bidding Procedures Order, "any objections with respect to the proposed amount of the cure necessary for the assumption and assignment of any executory contract or unexpired leases identified on the Cure Schedule, must be in writing, filed with the Court, and be actually received by February 10, 2010 at 5:00 p.m. (prevailing Eastern Time)…" Bidding Procedures Order, ¶ 11.

5

11. On January 27, 2010, the Debtor filed its Cure Schedule [Docket No. 388]. According to the Cure Schedule, the Debtor submits that $0.00 is due under the Meadows Lease, and $70,000.00 is due under the Green Hills Lease in order to cure defaults. The Cure Schedule was incorrect.

12. On February 9, 2010, Davis Street-Tennessee and Davis Street-Missouri filed their Objection And Reservation Of Rights Of Davis Street Land Company Of Missouri III, LLC And Davis Street Land Company Of Tennessee, LLC To Cure Schedule [Docket No. 406] (the "<u>Davis Street Cure Objection</u>"). The Davis Street Cure Objection is incorporated herein by reference as if fully set forth herein.

13. As set forth in greater detail in the Davis Street Cure Objection, as of the date hereof, the Debtor's defaults under the Green Hills Lease are: <u>first</u>, the Debtor has failed to pay post-petition rent for the month of February for either the Meadows Premises or the Green Hills Premises which is now past due, which constitutes a default under the Meadows Lease and the Green Hills Lease, respectively. <u>Second</u>, with respect to the Meadows Lease, the Debtor is required to pay, <u>inter alia</u>, percentage rent of ten percent of gross sales monthly, but since the Petition Date, it has only been paying six percent monthly, each occurrence of which constitutes a default under the Meadows Lease. The difference between ten percent of gross sales and six percent of gross sales is now, in the aggregate, $4,879.89. <u>Third</u>, the Debtor is in default under the Green Hills Lease with respect to unpaid pre-petition rent as set forth in the Davis Street Cure Objection. <u>Fourth</u>, the Debtor is in default under the Green Hills Lease for failure to discharge the Liens (as defined in the Davis Street Cure Objection). <u>Fifth</u>, under both the Meadows Lease and the Green Hills Lease, the Debtor has the obligation to pay legal fees in connection with enforcement of the leases and to pay legal fees in defending actions by the

Lienors.

## ARGUMENT

14. Section 365 of the Bankruptcy Code provides, in relevant part, as follows:

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

(b) (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease, unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph….

15. Thus, section 365(b)(1)(A) requires that all defaults, whether pre-petition or post-petition, and whether monetary or non-monetary (except for those that are literally impossible to cure) be cured, or that the Debtor must provide adequate assurance of a prompt cure, as a condition of assuming and assigning the Meadows Lease or the Green Hills Lease.

16. Pursuant to the Sale Motion, the Debtor proposes that "[i]f a timely objection is received [to the Cure Schedule] and such objection cannot otherwise be resolved by the parties, the Debtor will request that the Court establish a date to hear such objection and, pending such hearing, the Debtor will pay the undisputed portion, if any, of the cure amount as set forth on the

Cure Schedule from the sale proceeds." Motion, ¶ 42.

17. As set forth above and in more detail in the Davis Street Cure Objection, there are significant defaults under the Meadows Lease and the Green Hills Lease, which, in the aggregate, equal approximately, but no less than, $467,097.96. Until the filing of the Cure Schedule, the Debtor had never disputed, in any way, its obligations under the Green Hills Lease and the Meadows Lease, including when it filed the Debtor's Response to the Motions to Compel.

18. The requirements of section 365(b) of the Bankruptcy Code are most easily satisfied, of course, by the Debtor's cure of all defaults upon the assumption and assignment of the Meadows Lease and the Green Hills Lease. However, should the Debtor now decide to dispute the amounts and other defaults set forth in the Davis Street Cure Objection, which defaults the Debtor has had notice of for some time, the only adequate assurance of a prompt cure (assuming there is in fact a dispute and Davis Street prevails) is for sufficient funds from the closing of the proposed sale are reserved in escrow for such purpose[1]. In the absence of such an escrow, in the context of this case, there is no assurance of a prompt cure at all.

## Conclusion

The Bankruptcy Code requires the cure, or adequate assurance of a prompt cure, of all defaults, whether they are pre-petition, post-petition, monetary, or non-monetary. The Sale Motion ignores that requirement by requiring the Debtor to only pay pre-petition amounts listed on the Cure Schedule, without providing any adequate assurance that the other defaults asserted by Davis Street-Tennessee and Davis Street-Missouri will be cured if the parties reach a consensual resolution or if the Court is required to determine what the Cure is.

---

[1] According to the Debtor's operating report for the month ending January 31, 2010, the Debtor had approximately $46,341 in cash on hand. Given the Debtor's current cash position, it is unlikely that in the absence of an escrow, there would be a source of funds to pay the amounts set forth in the Davis Street Cure Objection.

**WHEREFORE**, Davis Street-Missouri and Davis Street-Tennessee respectfully request that the Court enter an order requiring the Debtor to cure all defaults and other amounts owing under the Meadows Lease and Green Hills Lease as set forth in the Davis Street Cure Objection, or alternatively, requiring that the Debtor provide adequate assurance of cure by depositing an amount sufficient to cure all defaults under the Meadows Lease and the Green Hills Lease as set forth in the Davis Street Cure Objection pending their resolution by agreement or this Court, if necessary.

Dated: New York, New York
      February 22, 2010

    KLESTADT & WINTERS, LLP

    By: _/s/ Joseph C. Corneau_____
        Tracy L. Klestadt
        Joseph C. Corneau
    292 Madison Avenue, 17th Floor
    New York, NY 10017
    (212) 972-3000

    -and-

    Wildman, Harrold, Allen & Dixon LLP
    Jonathan W. Young
    John W. Costello
    225 West Wacker Drive, Suite 3000
    Chicago, IL 60606
    (312) 201-2000

    *Attorneys for Davis Street Land Company of Missouri III, LLC and Davis Street Land Company of Tennessee, LLC*